UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY SCOTT REYNOLDS,<br><br>    Petitioner,<br><br>v.<br><br>BERT C. BOYD,<br><br>    Respondent. | Case No. 3:14-cv-01249<br><br>Visiting Judge Bernard A. Friedman<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Bernard A. Friedman, Visiting District Judge

## REPORT AND RECOMMENDATION

On March 14, 2019, the Court adopted the Magistrate Judge's report and recommendation and denied Petitioner Larry Scott Reynolds's petition for the writ of habeas corpus. (Doc. No. 38.) Reynolds filed a notice of appeal (Doc. No. 40), which the Court and the Sixth Circuit construed as an application for a certificate of appealability and denied (Doc. Nos. 42, 46). Reynolds has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Doc. No. 47) which is opposed by Respondent Bert C. Boyd (Doc. No. 48). For the reasons that follow, the Magistrate Judge will recommend that Reynolds's motion for relief from judgment be granted.

**I.    Factual and Procedural Background**

Reynolds is currently serving a sentence of life in prison with the possibility of parole based on his July 3, 2008 conviction by a Rutherford County, Tennessee jury of first-degree premeditated murder. (Doc. No. 13-6.) Reynolds, represented by attorney Andrew N. Hall, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254, alleging that that he was entitled to relief on grounds that (1) "the trial court violated [his] Sixth Amendment right to present a complete defense by refusing testimony from and about an alternative suspect . . . ;" (2) the evidence presented at

trial was insufficient to support the jury's verdict; and (3) "he was denied the effective assistance of counsel at trial and on direct appeal . . . ." (Doc. No. 1, PageID# 4, 5, 9.) The Magistrate Judge considered the merits of Reynolds's claims and recommended that his petition be denied on September 28, 2018. (Doc. No. 30.) The report and recommendation stated that Reynolds could file written objections within fourteen days of being served with the report and recommendation and that failure to object within that deadline could "constitute a waiver of further appeal of the matters decided." (*Id.* at PageID# 4197.)

Reynolds sent a letter to the Court dated October 1, 2018, requesting a copy of the docket, which was mailed to him on October 15, 2018. (Doc. No. 32.) On October 26, 2018,[1] Reynolds filed a pro se motion to extend the time to file objections, stating that he had lost contact with his attorney and had not known that the report and recommendation had been entered until he received the requested copy of the docket on October 19, 2018. (Doc. No. 33.) Reynolds obtained a copy of the report and recommendation on Westlaw through the prison library and "immediately tried to reach his attorney that day, but was unable to contact him" and "had family members attempt contact as well. All to no avail." (*Id.* at PageID# 4280, ¶¶ 5–6.) "[Reynolds] and his family continued to try to reach his counsel to consult with him and to make sure that written objections had been filed over a number of issues [Reynolds] identified in the R&R. Again, all attempts at communicating with counsel met with no success." (*Id.* at ¶ 8) Reynolds requested an extension of "time to determine who will file his written objections to the [report and recommendation], either his attorney of record, substitute counsel, or [Reynolds, acting] pro se." (*Id.* at PageID# 4281, ¶ 13.)

---

[1] The filing dates reflect the date on which Reynolds delivered his motions to the prison mail system for mailing to the Court. *See Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

The Court granted Reynolds's motion and extended the deadline for filing objections to November 26, 2018. (Doc. No. 34.) Reynolds moved for another extension of time on November 24, 2018, stating that he had "still been unable to contact his attorney about the objections" and planned to file them himself. (Doc. No. 35, PageID# 4290, ¶ 14.) Reynolds filed a third extension request on December 10, 2018, stating that he "believes that his objections are substantially complete, but require some additional work" and requesting "a final extension of time of fourteen additional days to finalize and file his objections." (Doc. No. 36, PageID# 4294, ¶ 2.) The Court granted Reynolds's motions and extended the deadline to file objections to the report and recommendation to December 31, 2018. (Doc. No. 37.) Reynolds did not file any objections by that date, and the Court accepted and adopted the Magistrate Judge's report and recommendation, denied Reynolds's petition, and entered final judgment on March 14, 2019. (Doc. Nos. 38, 39.)

Reynolds filed a notice of appeal (Doc. No. 40), which the Court construed as an application for a certificate of appealability and denied (Doc. No. 42). The Sixth Circuit also construed Reynolds's notice as an application for a certificate of appealability and denied it, noting that Reynolds had waived further review of his claims by failing to object to the Magistrate Judge's report and recommendation. (Doc. No. 46.) Reynolds then filed the present motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (3), and (6).[2] (Doc. No. 47.)

Reynolds argues that he is entitled to relief under Rule 60(b) because Hall "failed to file the numerous objections to the Report and Recommendation, and abandoned [Reynolds] without

---

2   Reynolds's application for a certificate of appealability is no longer pending before the Sixth Circuit and jurisdiction has returned to the district court. This Court may therefore consider Reynolds's Rule 60(b) motion. *See Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976) (recognizing that "the trial court 'is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)'" and "to recognize frivolous Rule 60(b) motions" (quoting *Wilkin v. Sunbeam Corp.*, 405 F.2d 165, 166 (10th Cir. 1968)).

cause, notice, or reason." (*Id.* at PageID# 4336–37.) Reynolds explains that he did not learn that the Magistrate Judge had entered a report and recommendation on his petition until he received a copy of the docket on October 19, 2018, after the fourteen-day period for objections had passed. (Doc. No. 53.) At that time, Reynolds and members of his family believed that Hall was still acting as Reynolds's attorney, as was reflected in the Court's docket, and they attempted to contact Hall by telephone, text message, mail, email, and by visiting Hall's office in person from October to December 2018, but were unable to make contact with him. (*Id.*) Reynolds argues that Hall's actions constitute attorney fraud or abandonment, which warrant relief under Rules 60(b)(1), (3), and (6). (*Id.*) Reynolds asks the Court "to set aside the judgment in this case and permit [Reynolds] to submit his Objections to the Magistrate [Judge's report and recommendation]."[3] (*Id.* at PageID# 4390.)

Boyd opposes Reynolds's motion and argues that Reynolds is not entitled to relief under Rule 60(b) because Reynolds "suspected [that] counsel was no longer working on his case" and obtained extensions of time by filing pro se motions. (Doc. No. 48, PageID# 4345.) Boyd argues that Reynolds's failure to file objections to the report and recommendation on his own behalf shows "an acquiescence to the Magistrate Judge's recommendation" rather than "unforeseen abandonment by counsel . . . ." (*Id.* at PageID# 4346.) Boyd also argues that Reynolds is not prejudiced by any loss of an opportunity to object to the report and recommendation because "each

---

[3] Reynolds filed a motion for relief from judgment and for leave to file a supporting memorandum of law (Doc. No. 47). Boyd responded in opposition to Reynolds's motion (Doc. No. 48) before the Court considered Reynolds's motion for leave to file additional briefing. The Court granted Reynolds leave to file a memorandum and afforded Boyd twenty-eight days to file any supplemental response (Doc. No. 49). Reynolds filed a supporting memorandum (Doc. No. 53). Boyd did not make any other filings.

of [his] claims was properly denied by this court" and Reynolds has not shown that special circumstances warrant relief from judgment. (*Id.* at PageID# 4347.)

**II.      Legal Standard**

Federal Rule of Civil Procedure 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). Rule 60(b) applies in a federal habeas corpus action under 28 U.S.C. § 2254 as long as "'[it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (alteration in original) (citation omitted). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

**III.     Analysis**

When a Rule 60(b) motion is filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is properly seeking relief under Rule 60(b) or is instead seeking relief that can only be provided through a petition for habeas corpus. *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (citing *Gonzalez*, 545 U.S. at 531–32). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which an incarcerated person may file a second or successive application for habeas relief and requires that the applicant first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). "A motion under Rule 60(b) may be treated as a second or successive habeas petition" "if it asserts a 'federal basis for relief from the state court's judgment of conviction,' by

'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim *on the merits*.'" *Tyler*, 749 F.3d at 506–07 (alterations in original) (quoting *Gonzalez*, 545 U.S. at 530, 532). A Rule 60(b) motion "is not . . . a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez*, 545 U.S. at 538.

Reynolds does not assert new grounds for relief under § 2254 or identify errors in how the Court analyzed the merits of his habeas petition. Instead, he asserts that his lawyer abandoned him and did not file objections to the Magistrate Judge's report and recommendation as Reynolds wanted him to do and that this circumstance warrants reopening the judgment to allow Reynolds to file his objections pro se. The motion is not a second or successive petition for habeas relief and is properly brought under Rule 60(b).

### A. Federal Rule of Civil Procedure 60(b)(1)

The Sixth Circuit has held that "Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'" *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (alteration in original) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1983)). Courts consider three factors to determine if relief is warranted under Rule 60(b)(1): "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Id.* (citing *United Coin Meter*, 705 F.2d at 845). The language of Rule 60(b)(1) "mandates" that a party demonstrate his lack of culpability through a showing of "mistake, inadvertence, surprise, or excusable neglect." *Id.* (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Only after a movant has shown that he was not culpable "will [he] be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the [other party] should relief be granted." *Waifersong, Ltd.*, 976 F.2d at 292.

Reynolds argues that his failure to file objections was the result of attorney abandonment and therefore constitutes excusable neglect. (Doc. No. 53.) This Court has held that "Rule 60(b)(1) cannot serve as a basis for relief" when "[t]here is no indication that [the movant's] counsel committed a mere mistake or that his failures . . . arose from inadvertence" and therefore "do[ ] not qualify as *excusable* neglect." *Gregson v. Metro. Life Ins. Co.*, No. 3:13-cv-00678, 2018 WL 3655388, at *3 (M.D. Tenn. Aug. 2, 2018) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398–99 (1993)). In such cases—where the alleged neglect exceeds what can be termed a mere mistake—it is more appropriate to determine whether the attorney's conduct is "'sufficiently egregious to warrant relief under Rule 60(b)(6).'" *Id.* at *4 (quoting *Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012)). For that reason, Rule 60(b)(1) does not provide a basis for relief here.

### B. Federal Rule of Civil Procedure 60(b)(3)

A party seeking relief from judgment under Rule 60(b)(3) must demonstrate "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). The Sixth Circuit has held that, for the purpose of motions under Rule 60(b)(3), "[f]raud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538 F.3d at 456.

Reynolds argues that relief is warranted under Rule 60(b)(3) because "he was the victim of intrinsic fraud by his Counsel . . . ." (Doc. No. 53, PageID# 4363.) However, relief is only available under Rule 60(b)(3) when fraud, misrepresentation, or misconduct has been perpetrated by an opposing party, not by the movant's own counsel. *See, e.g.*, *Varden v. Danek Med., Inc.*, 58 F. App'x 137, 139 (6th Cir. 2003) (affirming district court's denial of Rule 60(b)(3) motion and noting that relief under Rule 60(b)(3) is not available to party alleging "fraud, misrepresentation, or other misconduct on the part of his attorneys" "because his attorneys were not adverse parties

to the action"); *Marbly v. Rubin*, No. 98-2039, 1999 WL 775904, at *2 (6th Cir. Sept. 24, 1999) (noting that Rule 60(b)(3) "is applied in cases of misconduct by an *adverse* party"). Because Reynolds has not alleged that he was the victim of fraud, misrepresentation, or misconduct by an opposing party, he is not entitled to relief under Rule 60(b)(3).

### C. Federal Rule of Civil Procedure 60(b)(6)

Rule 60(b)(6) "is a 'catchall provision' providing relief from a final judgment for any reason not otherwise captured in Rule 60(b)." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (quoting *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015)). When deciding a Rule 60(b)(6) motion, "the district court 'intensively balance[s] numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* (alteration in original) (quoting *West*, 790 F.3d at 697). "These factors can include 'the risk of injustice to the parties' as well as 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Buck v. Davis*, 137 S. Ct. 759, 778 (2017)). A district court's discretion to grant a motion under Rule 60(b)(6) "is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981)).

"Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (alteration in original) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "The 'something more' . . . must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (alteration in original) (quoting *Olle*, 910 F.2d at 365). "[S]uch circumstances

8
Case 3:14-cv-01249    Document 56    Filed 07/20/21    Page 8 of 12 PageID #: 4416

'rarely occur' in the *habeas* context." *Miller*, 879 F.3d at 698 (quoting *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015)).

Here, however, Reynolds's abandonment by counsel is the kind of egregious conduct that warrants relief under Rule 60(b)(6). Although parties are generally bound by the acts of their chosen counsel, a movant may demonstrate that extraordinary circumstances warranting Rule 60(b)(6) relief exist where his lawyer's failures are "so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance . . . or constructive disappearance . . . ." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal citations omitted). Reynolds has made that showing here.

The docket reflects that Hall has not taken any action in this case since filing a reply in support of Reynolds's habeas petition on January 5, 2015. (Doc. No. 22.) Reynolds has shown by the unrebutted affidavit of his sister, Patricia A. Lee, that Hall charged Reynolds and Lee five thousand dollars to represent Reynolds "for the entire course of the case[,]" but stopped responding to their communications while Reynolds's petition was still pending, despite Reynolds's and Lee's extensive efforts to contact him by telephone, text message, email, and in person at Hall's office. (Doc. No. 53, PageID# 4394, ¶ 6.) Hall did not file objections to the report and recommendation on Reynolds's behalf, even though Reynolds and Lee "sent Mr. Hall a written response and objection to the Magistrate's report and told Mr. Hall that [they] would assume he would review it and modify it and submit it to the Court, since he was fully paid and [ ] still listed on the Court records as [Reynolds's] attorney." (*Id.* at PageID# 4395, ¶ 15.) This Court has found that this type of "'gross neglect and abandonment by counsel is qualitatively different than mere inadvertence or mistake' . . . and amounts to 'extraordinary circumstances' warranting relief under

9

Rule 60(b)(6)." *Gregson*, 2018 WL 3655388, at *4 (quoting *Reno v. Int'l Harvester Co.*, 115 F.R.D. 6, 8 (S.D. Ohio 1986)).

Reynolds asks the Court for the opportunity to "submit his objections . . . to the Magistrate's Report and Recommendation" on his own behalf. (Doc. No. 53, PageID# 4391.) Boyd argues that Reynolds should have done so during the extensions of time he moved for and received, given that he had ample reason to suspect that Hall was no longer acting as his lawyer. But Hall remains Reynolds's counsel of record. He has not filed a motion to withdraw from representation or otherwise notified Reynolds that he was no longer acting on his behalf. Although the Court accepted Reynolds's pro se motions for extensions of time, it did not change or clarify the status of his representation in doing so by, for example, ordering Reynolds to discharge Hall if he intended to appear pro se. *Cf. Taylor v. Wainwright*, No. 17-3269, 2017 WL 4182068, at *1 (6th Cir. Sept. 8, 2017) (noting that magistrate judge denied pro se motion for extension of time arguing attorney abandonment and ordered petitioner to discharge counsel if he intended to proceed pro se). Although the Court has an interest in preserving the finality of its judgments, granting Reynolds's Rule 60(b)(6) motion in these circumstances serves to protect "'the public's confidence in the judicial process'" and allows the Court to ensure "'that justice be done in light of all the facts.'" *See Miller*, 879 F.3d at 698 (first quoting *Buck*, 137 S. Ct. at 778; then quoting *West*, 790 F.3d at 697); *see also Hopper*, 867 F.2d at 294; *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (holding that Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case . . . and should be liberally construed when substantial justice will thus be served") (citations omitted). Allowing Reynolds the opportunity to file objections to the report and recommendation on his own behalf after having been abandoned by his lawyer is appropriate

relief under Rule 60(b)(6). *See, e.g.*, *Nechovski v. United States*, No. 2:11-cv-862, 2014 WL 12799796, at *1 (S.D. Ohio June 3, 2014) (granting Rule 60(b)(6) motion by habeas petitioner who had been abandoned by counsel and reopening final judgment to consider petitioner's objections to report and recommendation).

This Court's Local Rule 83.01(c)(3) provides that "[a]ny attorney who is disbarred or suspended as a disciplinary sanction by the Tennessee Supreme [Court] . . . must immediately notify this Court, independent of any disciplinary rules or orders that might otherwise apply to the attorney's suspension or disbarment." M.D. Tenn. R. 83.01(c)(3) (disbarment and discipline). Although Hall has not done so, the Court takes judicial notice that Hall's license to practice law has been suspended by the Tennessee Supreme Court. Attorney Details for Andrew Nathan Hall, Bd. of Pro. Resp. of the Sup. Ct. of Tenn., https://www.tbpr.org/attorneys/013481 (last visited July 19, 2021).[4] Any attorney who has been suspended from practice by the Tennessee Supreme Court is reciprocally suspended from practice in this Court. M.D. Tenn. R. 83.01(c). Accordingly, the Magistrate Judge will further recommend that, absent Reynolds's objection, Hall be terminated as Reynolds's counsel of record in the Court's docket.

## IV.    Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Reynolds's motion for relief from judgment (Doc. No. 47) be GRANTED, that the Court's March 14, 2019 order be REOPENED, and that Reynolds be given fourteen days from the Court's ruling on this Report and Recommendation to file objections to the September 28, 2018 report and recommendation on his

---

[4]    It appears that Hall's disciplinary proceedings before the Tennessee Board of Professional Responsibility are ongoing. Reynolds may elect to raise any complaints regarding Hall's representation in that forum.

own behalf. The Magistrate Judge also RECOMMENDS that the Court direct the Clerk's Office to terminate Hall as Reynolds's counsel of record in the Court's docket.

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation by mail to Reynolds and to Hall at their respective addresses on file with the Court.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of July, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge